There being no error in the record which necessitates a reversal, the decree will be affirmed.

*Affirmed.*

William A. Stuart, Appellant, v. Joseph Fegers et al.,
Appellees.

Gen. No. 23,219.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded with directions. Opinion filed March 12, 1918.

## Statement of the Case.

Bill by William A. Stuart, complainant, against Joseph Fegers, Albert Storts, Wendelin Meyer & Sons, Gus Berkes, Hittel Cigar Company and Anheuser-Busch Company, defendants, to have a chattel mortgage and certain notes declared null and void and to enjoin the foreclosure of the mortgage and the collection, negotiation, transfer or assignment of the notes. A temporary injunction having been granted as prayed on condition that the amount due on such notes be paid into court and the total amount having been paid in, a decree was entered directing that such moneys be paid to the legal holders of such notes (the defendants other than Fegers) upon their surrender. From this decree complainant appeals.

MYER H. GLADSTONE, for appellant.

SONNENSCHEIN, BERKSON & LAUTMANN, FRED B. SCHUCHARDT, WILLIAM S. NEWBURGER, JOSEPH S. SAMUELS and JAMES R. WARD, for appellees.

Mr. Justice McDonald delivered the opinion of the court.

## Abstract of the Decision.

1. Equity, § 549*—*when recital of decree that equities of case and right to funds are with defendants are insufficient to support decree.* On an appeal from a decree directing the payment to certain defendants of moneys in the hands of the clerk of the trial court, where the record contains no certificate of evidence and the decree recites no findings of facts to support it, the recital of the decree that equities of the case and the right in the funds were with defendants is insufficient to support it.

2. Equity, § 441*—*when error to enter decree disposing of subject-matter of suit.* It is error to enter a decree which, in effect, disposes of the subject-matter of the suit before issue has been joined and without disposing of the bill of complaint or the demurrer thereto and without dissolving a temporary injunction issued therein.

---

## N. A. Williams Company, Appellee, v. C. J. McCarthy et al., on appeal of Charles S. Smith, Appellant.

### Gen. No. 23,237.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed March 12, 1918. Rehearing denied March 23, 1918.

## Statement of the Case.

Bill by N. A. Williams Company, a corporation, complainant, against C. J. McCarthy, City of Berwyn, Charles S. Smith, individually and as president of the Board of Local Improvements of the City of Berwyn, and unknown owners of certain bonds, defend-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.